AO 91 (Rev. 11/11) Criminal Complaint                             AUSA Michelle Parthum (312) 886-1317



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

LEONARD DELANEY

CASE NUMBER: 23CR273

# CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about May 3, 2023, at Chicago, in the Northern District of Illinois, Eastern Division, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 18, United States Code, Section 111(a) and (b) | Forcibly assaulted, resisted, opposed, impeded, intimidated, and interfered with a person designated in Title 18, United States Code, Section 1114, namely, a federal judicial employee, while that employee was engaged in the performance of official duties, and in the commission of such acts used a deadly and dangerous weapon |

This criminal complaint is based upon these facts:

  X   Continued on the attached sheet.

*V Ray*
VINCENT RAY
Deputy U.S. Marshal, United States Marshals Service (USMS)

Pursuant to Fed. R. Crim. P. 4.1, this Complaint is presented by reliable electronic means. The above-named agent provided a sworn statement attesting to the truth of the Complaint and Affidavit by telephone.

Date: May 4, 2023

*M. David Weisman*
*Judge's signature*

City and state: Chicago, Illinois

M. DAVID WEISMAN, U.S. Magistrate Judge
*Printed name and title*

| UNITED STATES DISTRICT COURT |   |
| NORTHERN DISTRICT OF ILLINOIS |   |

**AFFIDAVIT**

I, VINCENT RAY, being duly sworn, state as follows:

**I.   INTRODUCTION AND AFFIANT BACKGROUND**

1. I am Deputy U.S. Marshal with the United States Marshals Service ("USMS") and have been so employed for approximately five years. Prior to that I was a Master Police Officer with the DeKalb County Police Department in Tucker, Georgia for approximately twelve years. My current responsibilities with the USMS include the investigation of fugitives and incidents involving judicial security matters. I am currently assigned as a full-time District Threat Investigator for the Northern District of Illinois-Chicago USMS.

2. This affidavit is submitted in support of a criminal complaint alleging that Leonard DELANEY has violated Title 18, United States Code, Section 111(a) and (b) (assault of a federal employee).

3. The statements in this affidavit are based on my personal knowledge, and on information I have received from other law-enforcement personnel and from persons with knowledge regarding relevant facts. Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint charging DELANEY with assault of a federal employee, I have not included each and every fact known to me concerning this investigation. I have

set forth only facts that I believe are sufficient to establish probable cause to believe that the defendant committed the offense alleged in the complaint.

## II. SUMMARY OF PROBABLE CAUSE

4. There is probable cause to believe that, on or about May 3, 2023, at approximately 1:47 p.m., DELANEY forcibly assaulted, impeded, intimidated, and interfered with a federal employee (Victim A) who was seeking to enter the Dirksen Federal Building, located at 219 S. Dearborn Street in Chicago, Illinois, in connection with Victim A's official duties.

5. As explained in more detail below, DELANEY approached within feet of Victim A—who was at the Dirksen Federal Building in his/her capacity as a federal judicial employee—and then pulled out a machete-style knife. According to Victim A, upon seeing the knife, Victim A feared for his/her life. Victim A then entered the Federal Building and blocked the door so that DELANEY could not enter and potentially harm others, while calling for the assistance of Court Security Officers.

## III. STATEMENT OF PROBABLE CAUSE

### A. DELANEY ASSAULTS VICTIM A

6. According to my review of relevant security camera footage obtained from the Dirksen Federal Building, my review of an incident report prepared by a Court Security Officer who witnessed certain events discussed below, my conversations with other law enforcement personnel, and my participation in interviews of witnesses (discussed further *infra*), I am aware of the following:

a. On or about May 3, 2023 at approximately 1:46 p.m.,[1] two federal judicial employees (Victims A and B) of the Dirksen Federal Building, as well as a civilian (Individual C), were standing and having a conversation on the sidewalk outside the Federal Building, within a few feet of a revolving-door entrance to the building. At approximately 1:47 p.m., as Victims A, B, and Individual C stood speaking, DELANEY approached on foot before stopping and standing a few feet away from them, as reflected in the below still image taken from the security video:



---

[1] The time stamp on the security video footage reflects a time of approximately 1:41 p.m. However, I and other law enforcement officers have observed that the time stamp on the Dirksen Federal Building security camera is approximately five minutes behind the actual time. Accordingly, the times referenced in paragraph 6 of this Affidavit are based upon the time stamp shown in the security footage, plus a five-minute adjustment.

b. Victim A gestured to DELANEY in a manner inviting DELANEY to enter the building ahead of him/her, but DELANEY did not move. Victim B then entered the building through the revolving door. Then, as Victim A moved forward to enter the building, DELANEY pulled out a long knife and held it in his left hand. As he held the knife, DELANEY was within a few feet of Victim A, who was then attempting to enter the revolving door, as reflected in the below still image, in which the knife is circled in red.



c. As Victim A proceeded through the revolving door, s/he looked backward over his/her shoulder at DELANEY multiple times. Once inside the building, Victim A then used his/her foot to prevent the door from revolving further, so that DELANEY could not enter the building, as reflected in the below still image taken from the security video. Victim A simultaneously alerted Court Security Officers that someone outside the building had a knife. At or around this time, DELANEY raised the knife to approximately his shoulder level for approximately two seconds, before letting it drop back down to his side.



d. Court Security Officers approached and ordered DELANEY to drop the knife, which he did. Court Security Officers then took possession of the knife and took DELANEY into custody. A picture of the machete-style knife, next to an approximately 12-inch ruler reflecting its length, follows:



### B. INTERVIEWS OF VICTIMS A AND B

7. Following the above-described events, I participated in an interview of Victim A. The following is a summary, in sum and substance and based upon my recollection, of certain information Victim A provided during that interview:

    a. Victim A was at the Dirksen Federal Building on or about May 3, 2023 working in his/her official capacity as a federal employee; at the time of the incidents described above, s/he was returning to the federal building after going out for lunch. Upon first observing DELANEY, Victim A noticed that DELANEY seemed agitated or disturbed. When DELANEY pulled out the knife, Victim A noticed that it was very large. Victim A thought that DELANEY might next pull out a gun, and was fearful for his/her life and the lives of those around him/her. When Victim A entered the building, s/he held the door closed because s/he believed that DELANEY appeared deranged and s/he did not want to let DELANEY into the building to potentially harm others.

8. Following the above-described events, I also participated in an interview of Victim B. The following is a summary, in sum and substance and based upon my recollection, of certain information Victim B provided during that interview:

    a. Victim B was at the Dirksen Federal Building on May 3, 2023 working in his/her official capacity as a federal employee; at the time of the incidents described above, s/he was returning to the federal building after going out for lunch. Upon first observing DELANEY, Victim B noticed that DELANEY was breathing heavily and seemed aggressive. After Victim B entered the building, s/he continued

to watch what was happening with DELANEY from inside the building through the window. Victim B saw DELANEY pull a knife from inside his pants and hold it at hip level. It appeared to Victim B that DELANEY was trying to decide whether to enter the building.

### C. POST-ARREST INTERVIEW OF DELANEY

9. Following the above-described events, DELANEY was placed in the custody of USMS and later interviewed, at approximately 4:19 p.m. Prior to being interviewed, DELANEY was provided with *Miranda* warnings. DELANEY signed a form waiving his *Miranda* rights and agreed to speak with law enforcement. The interview was audio- and video-recorded. During the interview, in which I participated, DELANEY appeared to be lucid and coherent. The following is a summary, in sum and substance and based upon my recollection, of certain information DELANEY provided during that interview:

    a. DELANEY stated that he had come to the Dirksen Federal Building on or about May 3, 2023 to provide additional information regarding a civil matter that he had filed as a *pro se* litigant. DELANEY had on his person a copy of a civil complaint that, based upon his statements and upon a review of the applicable docket, DELANEY appears to have filed in the Northern District of Illinois on or about April 27, 2023, captioned *Delany v. Mercy Housing*, No. 23 CV 2636.

    b. DELANEY denied knowing anyone who works at the Dirksen Federal Building, including Victims A and B. When asked why he pulled out a machete at the entrance to the building, DELANEY stated that he realized at the last

minute that he had the knife on him and that he wanted to get rid of it. DELANEY was not able to provide a reason for why, at one point, he had raised the knife to his shoulder level.

## IV. CONCLUSION

10. Based on the above information, I submit that there is probable cause to believe that on or about May 3, 2023, DELANEY assaulted a federal employee with a deadly and dangerous weapon while that employee was engaged in the performance of his/her official duties. I therefore respectfully request that this Court issue a criminal complaint charging DELANEY with a violation of Title 18, United States Code, Section 111(a) and (b).

FURTHER AFFIANT SAYETH NOT.

*VRay*
VINCENT RAY
Deputy U.S. Marshal, United States Marshals Service

SWORN TO AND AFFIRMED by telephone May 4, 2023.

*M. David Weisman*
Honorable M. DAVID WEISMAN
United States Magistrate Judge